# UNITED STATES DISTRICT COURT - DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

KAREEN DRYDEN,

Plaintiff,

v.

LT. JEFF VIRINS, in his individual and official capacity as an officer of the Warwick Police Department;

JUDGE JOSEPH IPPOLITO, in his individual and official capacity;

MADELINE MUZDAKIS, in her individual and official capacity as a Public Defender;

WARWICK POLICE DEPARTMENT; and

OTHER UNKNOWN AGENTS, OFFICERS, AND EMPLOYEES,

Defendants.

Case No.: 31-24997

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (18 U.S.C. § 242), FEDERAL TORT CLAIMS ACT (28 U.S.C. §§ 1346(b), 2671-2680), AND HUMAN TRAFFICKING (18 U.S.C. §§ 1589-1591)

Filed: August 12, 2025

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law), 18 U.S.C. §§ 1589-1591 (Human Trafficking and Involuntary Servitude), and 42 U.S.C. § 1983 (Civil Action for Deprivation of Rights), as well as the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

2. This Court also has jurisdiction under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, for tortious acts committed by state and municipal actors within the scope of their employment.

3. Venue is proper under 28 U.S.C. § 1391(b) because all events giving rise to these claims occurred within

# UNITED STATES DISTRICT COURT - DISTRICT OF RHODE ISLAND

the State of Rhode Island.

## II. NO LAWFUL CASE OR CONTROVERSY

4. Plaintiff asserts that there is no living man or woman with lawful standing bringing a complaint against her in this matter.

5. The alleged prosecution is in the name of a corporate or governmental entity, operating as a corporate court, without a sworn statement from an injured party.

6. Without a living accuser with standing, there is no lawful case or controversy under Article III of the U.S. Constitution, rendering all proceedings in Case No. 31-24997 void and without jurisdiction.

## III. PARTIES

7. Plaintiff: Kareen Dryden, a living woman and resident of Massachusetts.

8. Defendant Lt. Jeff Virins: Officer of the Warwick Police Department, acting under color of law during all relevant events.

9. Defendant Judge Joseph Ippolito: Judicial officer presiding over Plaintiff's case, acting under color of law.

10. Defendant Madeline Muzdakis: Public Defender assigned to Plaintiff's case, acting under color of law and in concert with other defendants.

11. Defendant Warwick Police Department: Municipal law enforcement agency responsible for the acts of its officers.

12. Other Unknown Agents: Persons yet to be identified who participated in the violations alleged herein.

## IV. FACTUAL ALLEGATIONS

A. Unlawful Arrest and Detention Without Due Process

13. On February 10, 2024, Plaintiff was a passenger in a vehicle driven by Oliver Hedley when Warwick Police, including Lt. Virins, stopped the vehicle without probable cause.

14. Plaintiff was unlawfully detained despite committing no crime, without any sworn statement or verified complaint from an injured party.

15. Plaintiff was not read her Miranda rights, in violation of the Fifth Amendment and Miranda v. Arizona.

16. Plaintiff was denied a timely appearance before a judge, in violation of the Fourth Amendment and

# UNITED STATES DISTRICT COURT - DISTRICT OF RHODE ISLAND

Gerstein v. Pugh, and was failed without due process, meaning she was deprived of the opportunity to challenge her detention before an impartial tribunal.

## B. Unlawful Seizure of Property Without Due Process

17. Warwick Police unlawfully seized Plaintiff's phone, money, and other personal belongings without a warrant, without probable cause, and without due process of law, violating the Fourth and Fourteenth Amendments.

18. Plaintiff's property was not returned promptly, and no lawful forfeiture proceeding was initiated, further depriving her of constitutional protections.

## C. Coercion and Intimidation in Court

19. Plaintiff was coerced into signing legal documents under threat of continued detention, without the presence of counsel of her choice.

20. Judge Joseph Ippolito intimidated Plaintiff when she asserted her right to self-representation, threatening incarceration if she refused to accept a public defender.

## D. Public Defender Misconduct

21. Public Defender Madeline Muzdakis, acting in concert with other defendants, failed to provide adequate legal representation, recommended an unnecessary psychiatric evaluation against Plaintiff's will, and took steps that undermined her defense.

## E. Inhumane Treatment and Degrading Conditions

22. Plaintiff was deprived of proper clothing and footwear during cold weather, causing physical discomfort, pain, and risk of illness, constituting cruel and unusual punishment in violation of the Eighth Amendment.

## F. Failure to Appear Warrant Without Due Process

23. On July 10, 2025, a Failure to Appear (FTA) bench warrant was issued despite the unlawful basis for the underlying case, without notice, hearing, or due process, and in violation of Plaintiff's right to be heard before the deprivation of liberty.

24. This unlawful FTA warrant has caused ongoing harm by restricting Plaintiff's ability to travel, work, and live without fear of further unlawful detention.

## UNITED STATES DISTRICT COURT - DISTRICT OF RHODE ISLAND

G. Human Trafficking by Police

25. Warwick Police, including Lt. Virins, engaged in conduct amounting to human trafficking as defined in 18 U.S.C. §§ 1589-1591, by unlawfully detaining, transporting, and coercing Plaintiff for purposes of control and forced compliance, using intimidation, threats, and degrading treatment under color of law.

V. CLAIMS FOR RELIEF

Count I - Violation of Civil Rights (18 U.S.C. § 242)

Count II - Unlawful Seizure of Property (Fourth Amendment)

Count III - Coercion and Denial of Due Process (Fifth & Fourteenth Amendments)

Count IV - Denial of Right to Counsel (Sixth Amendment)

Count V - Cruel and Unusual Punishment (Eighth Amendment)

Count VI - Retaliation for Exercise of Rights

Count VII - Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671-2680)

Count VIII - Human Trafficking (18 U.S.C. §§ 1589-1591)

VI. DAMAGES

26. Plaintiff suffered:

    a. Emotional distress, anxiety, and reputational harm.

    b. Financial loss including costs to recover property, lost income, and legal fees.

    c. Physical discomfort and health risks from cold exposure.

    d. Loss of liberty, dignity, and ability to work or travel.

VII. RELIEF REQUESTED

Plaintiff demands:

a. Declaration that all Defendants violated Plaintiff's rights.

b. Dismissal of all charges and removal of all warrants.

c. Return of seized property and expungement of unlawful records.

d. Declaration that, in the absence of a living accuser with standing and where prosecution is advanced by a corporate court without jurisdiction, this matter must be dismissed with prejudice.

## UNITED STATES DISTRICT COURT - DISTRICT OF RHODE ISLAND

e. Compensatory damages of $5,000,000 and punitive damages of $10,000,000.

f. Costs, attorney's fees, and any other relief the Court deems just.

Respectfully submitted,

Dated: August 12, 2025

Kareen Dryden

Plaintiff, Pro Se